## SUFFIELD SAVINGS BANK
vs.
## NEWTON T. PHELAN, ET AL.

Superior Court        Hartford County        File #48496

Present:  Hon. NEWELL JENNINGS, Judge.

William H. Leete;
Gross, Hyde & Williams,        Attorneys for the Plaintiff.

H. M. Alcorn, Jr.,        Attorney for the Defendants.

### MEMORANDUM FILED JANUARY 7, 1936.

JENNINGS, J.  This suit started out as the ordinary foreclosure of the first mortgage held by the Suffield Savings Bank.  The defendants have endeavored to secure the protection afforded by the so-called Frazier-Lemke Act by pleading its provisions in the answer.  A demurrer was filed to the original answer and was held in abeyance until the Supreme Court of the United States found the original Frazier-Lemke Act unconstitutional, whereupon the demurrer was sustained.  Congress passed the second Frazier-Lemke Act which was very similar in its terms to the original Act but an attempt was made to meet the criticism of the Supreme Court in its decision on the constitutionality of the original Act.  The defendant thereupon filed a new answer based on the second Frazier-Lemke Act, to which a demurrer in turn was filed, and the case is before me on the validity of the demurrer.

The attempt to secure a ruling as to the constitutionality of an act of Congress by a State court is of course somewhat

unusual but so are the circumstances surrounding the passage of both Frazier-Lemke Acts. The decision of Judge Brandeis finding the original act unconstitutional **(Louisville Joint Stock Land Bank vs. Radford, 79 U. S. Law Ed. 920)** is so devastating that any attempt on my part to paraphrase it seems uncalled for. **Sec. 22 A.B.J. 15.**

A comparison of the provisions of the original act with the second act discloses that while, as stated, an attempt was made to cure the defects in the original act, that attempt has miscarried as far as the issues in the case at bar are concerned. Wherever the second act has come up for decision it has in turn been found unconstitional by the federal, district and circuit courts, although the question has not reached the Supreme Court of the United States. The opinions of these federal courts appear to me to be sound and conclusive, particularly that written in the matter of **William Francis Lindsay, Debtor, decided November 27th, 1935 by the United States District Court for the Northern District of Iowa,** which is apparently not yet printed in the official reports. It is possible that we shall have to revise our entire method of doing business and our legal system, but until the second Frazier-Lemke Act receives the approval of the United States Supreme Court that time has not arrived.

On the authority of the cases cited the demurrer is sustained.